[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10888
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06155-KMM-1


UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

versus

CRAIG FRAZIER,
a.k.a. Chicken Man,

                    Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 21, 2012)

ON PETITION FOR REHEARING

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

The court grants the United States' petition for rehearing, vacates our prior opinion entered on August 9, 2012, and enters the following opinion in its place.

## I.

In 1999, pursuant to a guilty plea, Craig Frazier was convicted of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. The pre-sentence investigation report (PSI) applied the 1998 Guideline Manual and indicated that Frazier's offense involved 1,127 grams of cocaine base and 133 grams of cocaine. Based on a stipulation in the plea agreement, however, Frazier and the government agreed to a drug amount in excess of 1.5 kilograms of cocaine base. This stipulation, in accordance with other adjustments, resulted in an offense level of 39 as opposed to a 38. Based on his adjusted offense level and a criminal history category of VI, Frazier's guideline range was 360 months to life. The district court sentenced Frazier to 360 months' imprisonment.

Frazier filed a motion under 18 U.S.C. § 3582(c)(2) and asserted that the district court had the authority to reduce his sentence based on the Sentencing Commission's retroactive amendment lowering the base offense level for crack cocaine. Frazier argued that, under the retroactive amendment, his adjusted offense level should be 35. Based on an adjusted offense level of 35 and a criminal history category of VI, his guideline range would be 292 to 365 months. Since he

2

was originally sentenced to the low-end of the applicable guideline range, he argued that the court should re-sentence him to the low-end of the new guideline range.

The district court denied Frazier's motion for a sentence reduction using the two-paged AO 247 form.[1]  On this form, the district court checked the box that indicated it was denying the motion after  "having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a)."  The district court record, however, only contained the first page of the AO 247 form.

Frazier appealed the district court's order, arguing that the court failed to indicate whether its order was based on lack of authority to reduce his sentence or as an exercise of discretion.  Frazier argued that if the denial was discretionary, the district court failed to state a reason for the denial and did not demonstrate that it properly considered the § 3553(a) sentencing factors.

On August 9, 2012, this court vacated and remanded the district court's order because there was no indication that the district court had conducted the required recalculation under the amended guidelines and the record did not demonstrate that the district court took into account the § 3553 factors.  The district court subsequently issued an order, indicating that its complete two page order

---

[1] AO 247 is a standardized form used by district courts in denying or granting motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).

3

denying Frazier's motion for sentence reduction had not been included in the record on appeal.  The district court ordered that the complete order be transmitted to this court.

The complete district court order reflected that the second page was filed under seal.  The second page shows that the district court lowered Frazier's total offense level from 39 to 34, which yielded an amended guideline range of 292 to 365 months.  The district court, however, denied Frazier's motion because his current sentence of 360 months was within the new guideline range and "the factors in § 3553(a) weigh[ed] strongly against any reduction in Frazier's 360 month sentence."

In light of the district court's production of the second page of its order, the government filed the instant petition for rehearing.  The government requests a rehearing in light of the supplement to the record—the sealed second page of the district court's order denying Frazier's § 3582(c)(2) motion—that contained the district court's recalculation of Frazier's amended sentencing guideline range.  The government argues that the second page demonstrates that the district court properly recalculated Frazier's amended sentencing guideline range and sufficiently explained its denial of Frazier's motion.  This court did not request that Frazier answer the government's petition for rehearing; Frazier's arguments were

4

adequately laid out in his appeal and it was therefore unnecessary for him to file an answer to the government's motion for rehearing.

This court's prior decision was based upon an incomplete copy of the district court's order; however, the complete district court order still fails to adequately address the reasons for our prior decision vacating and remanding this order. Accordingly, we once again vacate and remand the district court's order denying Frazier's § 3582(c)(2) motion.

## II.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). "As a general rule, district courts may not modify a term of imprisonment once it has been imposed, except in specific circumstances delineated in 18 U.S.C. § 3582(c)." *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008) (per curiam). One exception is for a "'defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Id*. (quoting 18 U.S.C. § 3582(c)(2)). "In such a case, 'the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is

5

consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.*

The Fair Sentencing Act of 2010 (FSA), reflected in Amendment 750 to the Sentencing Guidelines, reduced the statutory penalties for crack cocaine offenses. *See* Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372, 2372 (to be codified as amended at 21 U.S.C. § 841(b)(1)).  Amendment 750 applies retroactively.  *See* U.S. Sentencing Guidelines Manual (U.S.S.G.)  app. C, amend. 713, at 253.

In deciding a § 3582(c)(2) motion, the district court must first recalculate the applicable guideline range, substituting the amended guideline for the one originally used.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2008).  The court must then decide, after analyzing the § 3553(a) factors, whether to impose the amended sentence on the defendant.  *Id.* at 781.  The district court need not "articulate specifically the applicability—if any—of each of the § 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Here, the district court recalculated the applicable guideline range, substituting the amended guideline range for the one originally used.  *See Bravo*, 203 F.3d at 780.  The court, however, failed to analyze the § 3553(a) factors when

6

it denied Frazier's motion, and summarily held that "the factors in § 3553(a) weigh strongly against any reduction in Frazier's 360 month sentence."

While it is true that the district court was not required to discuss each of the § 3553(a) factors individually, *see Eggersdorf*, 126 F.3d at 1322, it was required to provide *some* explanation as to why it denied Frazier's § 3582(c)(2) motion. *See U.S. v. Scott*, 426 F.3d 1324, 1329–30 (11th Cir. 2005) (finding the district court adequately addressed the § 3553(a) factors when it considered "'all the obvious things that you would normally take in consideration,' particularly, 'the age of the child.'"); *U.S. v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998) (holding that district court adequately considered the § 3553(a) factors when it "cited 'defendant's demonstrated violence and . . . all the other considerations that went in to the establishment of this defendant's sentence.'"); *U.S. v. Smith*, 568 F.3d 923, 928 (11th Cir. 2009) (finding the § 3553(a) factors considered when the district court cited to the defendant's motion for a sentence reduction, which highlighted the § 3553(a) factors and then provided arguments as to why those factors supported a more lenient sentence.); *U.S. v. Brown*, 104 F.3d 1254, 1256 (11th Cir. 1997) (per curiam) (stating that "[a]though the district court did not present particular findings on each individual factor listed in 18 U.S.C. § 3553, the court clearly considered those factors and set forth adequate reasons for its refusal to reduce Brown's sentence.").

As demonstrated, each of these cases provided some detail, however minute, as to what was considered when the district court rejected to amend a defendant's sentence.  In this case, however, the district court provided nothing more than a conclusory statement that it had "considered the § 3553 factors."  This is not enough.

We faced a similar situation in *United States v. Williams*, 557 F.3d 1254 (11th Cir. 2009) (per curiam).  In *Williams*, we found that the record was unclear as to whether the district court had considered the §3553(a) factors when it resentenced the defendant.  *Id*. at 1257.  The district court's order read: "[A]fter considering the sentencing factors set forth in 18 U.S.C. § 3553, the Court concludes a further reduction in Defendant's sentence is not warranted."  *United States v. Williams*, 4:04-cr-00046 (S.D. Ga., Sept. 2, 2009).  We found this explanation to be insufficient, vacated the defendant's sentence, and remanded the case back to the district court.

Here, the district court's order reads almost identically to the order in *Williams*.  The district court denied Frazier's § 3582(c)(2) motion because "the factors in § 3553 weigh strongly against any reduction in Frazier's 360 month sentence."  In light of our determination in *Williams*, it follows that this language is also insufficient to demonstrate that the district court properly considered the § 3553(a) factors when it denied Frazier's motion.

8

Accordingly, the district court's order denying Frazier's §3582(c)(2) motion is **VACATED AND REMANDED** for further proceedings consistent with this opinion.