[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11622
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06155-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG FRAZIER,
a.k.a. Chicken Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2014)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Craig Frazier appeals the district court's denial of his 2011 motion to reduce

his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 of the

Sentencing Guidelines.

## I.

In 1999, Frazier pled guilty to one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846. The presentence investigation report (PSI) applied the 1998 Sentencing Guidelines Manual to assign Frazier a base offense level of 38, pursuant to U.S.S.G. § 2D1.1. After a four-level increase for being an organizer of the crime, and a three-level reduction for acceptance of responsibility, Frazier's total offense level was 39.[1] Based on an offense level of 39 and a criminal history category of VI, Frazier's guideline range was 360 months' to life imprisonment—the district court sentenced him to 360 months' imprisonment.

In Frazier's instant motion,[2] he argues that pursuant to the 2011 amendments to the Sentencing Guidelines his offense level should be 35, which combined with a criminal history category of VI yields a range of 292 to 365 months' imprisonment. The district court denied Frazier's § 3582(c)(2) motion. On appeal, we noted that while the district court was not required to discuss each of the 18

---

[1] Frazier was a career offender under U.S.S.G. § 4B1.1, but because the adjusted offense level was greater than it would be under the career offender guidelines, the PSI utilized the adjusted offense level of 42.

[2] Frazier filed his first § 3582(c)(2) motion in 2008, arguing that after Amendment 706 to the Sentencing Guidelines his total offense level should be 37 and his sentence should be adjusted to 292 months' imprisonment. The district court denied his motion because, based on an offense level of 37 and a criminal history category of VI, Frazier's amended guideline range remained 360 months' to life imprisonment.

U.S.C. § 3553(a) factors individually, "it was required to provide *some* explanation as to why it denied Frazier's § 3582(c)(2) motion." *United States v. Frazier*, 502 Fed. App'x 863, 866 (11th Cir. 2012) (per curiam) (emphasis in original). We also pointed to cases that "provided some detail, however minute, as to what was considered" by the district court when denying a § 3582(c)(2) motion, and concluded that the district court's language was "insufficient to demonstrate that [it] properly considered the § 3553(a) factors," vacating the district court's order and remanding for further proceedings consistent with our opinion. *Id.* at 866–67.

On remand, the district court noted at a sentencing hearing that Frazier's offense, under the current Guidelines, would lead to a lower sentencing range, but that the new guideline range would still encompass his original 360-month sentence.[3] The district court stated that Frazier's history while incarcerated, the need to promote respect for the law, the need to provide adequate deterrence, and Frazier's history and circumstances all counseled against a discretionary reduction in sentence. Accordingly, the district court denied Frazier's § 3582 motion.

On appeal, Frazier argues that the district court violated our instructions on remand by simply explaining its original decision as opposed to reanalyzing the § 3553(a) factors. Frazier also argues that the district court abused its discretion by not reducing his sentence.

---

[3] Indeed, we recognized that Frazier is eligible for relief under § 3582(c)(2) because Amendment 750 lowered his applicable sentencing guidelines range from 360 months of imprisonment to life imprisonment to 262 to 367 months of imprisonment. *Frazier*, 502 Fed. App'x at 866.

II.

We review compliance with our mandate from a previous appeal de novo. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). When acting under a mandate from this Court, the district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (internal quotation marks omitted).

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). "A district court by definition abuses its discretion when it makes an error of law." *Id*. (quoting *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996)). A district court has discretion to reduce the imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

A district court must follow a two-step process in ruling on a § 3582(c)(2) motion. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the defendant's sentence by "substituting the amended guideline range for the originally applied guideline range." *Id.* at 780. In other

4

words, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced."  U.S.S.G. § 1B1.10(b)(1).  Second, the district court must decide whether, in its discretion and in light of the § 3553(a) sentencing factors, to retain the original sentence or to resentence the defendant under the amended guideline range.  *Bravo*, 203 F.3d at 781; *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under § 3582(c)(2)] is unambiguously discretionary.").  The § 3553(a) factors include the nature and circumstances of the offense, history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct.  18 U.S.C. § 3553(a)(1), (2)(A)–(B).  The district court may also consider the defendant's post-sentencing conduct in deciding whether to grant a reduction.  U.S.S.G.  1B1.10, cmt. 1(B)(iii); *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (per curiam).  "The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account."  *Williams*, 557 F.3d at 1256 (internal quotations marks omitted).

The Fair Sentencing Act of 2010 (FSA) reduced the statutory penalties for crack cocaine offenses, eliminated the statutory mandatory minimum sentences for

5

simple possession of crack cocaine, and directed the Sentencing Commission to amend the Guidelines for certain drug offenses. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). Amendment 750, which went into effect on November 1, 2011, made permanent a previous change to the drug quantity guidelines, U.S.S.G. § 2D1.1, to reflect the changes of the FSA. *See* U.S.S.G. App. C, amend. 750 (2011). The FSA's lower mandatory minimum sentences do not apply retroactively to defendants sentenced before the FSA's enactment. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).

III.

Upon review, Frazier's arguments regarding the district court's interpretation of the mandate lack merit. In remanding the district court's order, we held that the district court's denial of Frazier's § 3582(c)(2) motion did not analyze the § 3553(a) factors and did not provide an explanation of its decision sufficient for appellate review. *Frazier*, 502 Fed. App'x at 866–67. Thus, we vacated the judgment denying the 2011 § 3582(c)(2) motion and remanded for further proceedings. *Id.* On remand, the district court held a hearing, considered the parties' arguments and evidence, and issued a new decision that analyzed the § 3553(a) factors in detail. It therefore complied with our mandate.

Although we vacated the district court's judgment, we did not disapprove of the result or require a different analysis of the § 3553(a) factors that the district

court may have engaged in before but had not adequately explained. We only required the district court to provide an analysis of the § 3553(a) factors, and it did so. Finally, although the district court stated its understanding that our mandate required it only to articulate its analysis as opposed to reevaluate its decision, it also afforded Frazier and the government the opportunity to present argument on the § 3553(a) factors. The district court posed questions to the parties, responded to their arguments, and expressly stated that it considered the parties' statements. Thus, the district court clearly complied with our mandate to "provide *some* explanation" for its denial of the § 3582(c)(2) motion so as to show that it "properly considered the § 3553(a) factors." *Id.* at 866.

Further, the district court did not commit an error of law in declining to grant a sentence reduction. To the extent that the FSA introduced a new guideline range, those changes were taken into account at step one of the § 3582(c)(2) analysis. *See Bravo*, 203 F.3d at 780. The FSA is not a § 3553(a) factor, and Frazier cites no authority indicating that an intervening statutory change must be considered as mitigating in reference to the § 3553(a)(2)(A) factor requiring a sentence to reflect the seriousness of the offense. The district court's comment that the "nature" of Frazier's offense had not changed was not an error of law but rather an accurate statement that Frazier's offense—not the crime of which he was convicted but his actual offense, as he committed it—remained the same, regardless of any

intervening statutory changes.

The district court's denial of Frazier's § 3582(c)(2) motion was not an abuse of discretion in light of the § 3553(a) factors.  Indeed, we have explicitly rejected the suggestion that a district court must reduce a defendant's sentence pursuant to § 3582(c)(2) where a retroactive amendment lowers his applicable guidelines ranges. *See Vautier*, 144 F.3d at 760.  Here, Frazier's six infractions while incarcerated went to his history and characteristics, and the district court did not abuse its discretion by determining that they militated against a sentence reduction.  *See Williams*, 557 F.3d at 1256 (permitting the consideration of post-sentencing conduct).  The district court was also within its discretion to decide that the nature and number of the infractions, which included possession of narcotics and refusal to obey orders, showed disrespect for the law and a continued need for deterrence.  Thus, contrary to Frazier's assertion, the district court did not base its decision on the sole sentencing factor of Frazier's post-sentencing conduct, but rather explained how Frazier's post-sentencing conduct affected several § 3553(a) factors.  The district court also stated that it considered Frazier's arguments.  *See id.*, 557 F.3d at 1256–57 (explaining that the district court need only demonstrate that the pertinent factors were considered); *see also United States v. Parrado*, 911 F.2d 1567, 1572–73 (11th Cir. 1990) (concluding that although a sentencing court should tailor its comments to show that the sentence is appropriate given the

8

§ 3553 factors, "[t]his does not mean that a sentencing court must incant the specific language used in the guidelines' which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case .") (internal quotation marks omitted).  Finally, Frazier's arguments regarding his family's support and his accomplishments while in prison are arguments about how the district court weighed the § 3553(a) factors, and do not establish an abuse of discretion.  The record demonstrates that the district court took the pertinent sentencing factors into account, and Frazier has not established that the district court's decision to maintain his 360-month sentence, which was within his amended guideline range, constituted an abuse of discretion.

**AFFIRMED.**