[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16964
Non-Argument Calendar
_____

D.C. Docket Nos. 6:02-cr-00087-JA-GJK-1,
6:08-cr-00080-JA-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OMAR ANTHONY GREEN,
a.k.a. Kevin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 9, 2018)

Before MARCUS, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Omar Green, through counsel, appeals the district court's denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on

Amendment 782 to the Sentencing Guidelines.  On appeal, he argues that the district court abused its discretion by following improper procedure when it did not expressly recalculate a new guideline range even though a reduction was warranted under the factors found in 18 U.S.C. § 3553(a).  After thorough review, we affirm.

We review the district court's decision on whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a subsequent change in the Sentencing Guidelines for abuse of discretion.  United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003).  In addition, harmless error analysis is applied to sentencing cases, and remand is unnecessary if the party defending the sentence persuades us that the district court would have imposed the same sentence absent any error.  See Williams v. United States, 503 U.S. 193, 203 (1992).

A district court abuses its discretion if it fails to apply the proper legal standard or fails to follow proper procedures when making a determination under § 3582(c).  United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).  A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was later lowered by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2).  To obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  Because it is listed in § 1B1.10(d), Amendment 782 to the Sentencing Guidelines

may serve as the basis for a sentence reduction. Id. § 1B1.10(d). Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses. U.S.S.G. App. C, Amend. 782 (2014).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended Guidelines, determining a new base level by substituting the amended guideline range for the originally applied guideline range. Id. After the court has calculated the new guideline range, it then must decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended Guidelines, or retain the original sentence. Id. at 781. In exercising its discretion, the court must consider the § 3553(a) factors. Id.; see also U.S.S.G. § 1B1.10 comment (n.1(B)(i)) (providing that the court "shall" consider the § 3553(a) factors in deciding whether to grant a § 3582(c)(2) motion). The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need to promote respect for the law; the need to protect the public; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

The district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009).

3

The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. United States v. Frazier, 823 F.3d 1329, 1333 (11th Cir. 2016).

Here, the district court did not calculate Green's amended guideline range in its order, but its error was harmless. We recognize that under our case law, the court was required to recalculate Green's sentence under the amended Guidelines, determining a new base offense level by substituting the amended guideline range (an undisputed 87-108 months' imprisonment) for the originally applied guideline range (108-135 months' imprisonment). See Bravo, 203 F.3d at 780. We also recognize that the district court did not expressly recalculate Green's sentence in its order. Instead, the court said that it denied the motion in its "discretion" and discussed why the specific circumstances of Green's case compelled it to deny a reduction -- i.e., because Green had fled before his original sentencing hearing. On this record, it seems clear that the district court implicitly calculated and contemplated Green's amended guideline range, and then intentionally chose not to reduce his sentence. In doing so, the district court acted well within its discretion, and, because we are convinced it would have imposed the same sentence if it had expressly recalculated the new guideline range, any error it made by failing to do so was harmless. See Williams, 503 U.S. at 203.

4

As for Green's argument that the district court did not explicitly consider the § 3553(a) factors, it is also unavailing. It is apparent from the court's order that it did consider the factors, and the record as a whole suggests that the pertinent factors were taken into account. See Williams, 557 at 1256. As the court observed, if it were to grant Green's motion and give him the reduction, he would be rewarded for absconding before his original sentencing hearing in January 2003, because he would end up serving less time than he would have if he had not fled. By Green's own calculations, had he not absconded, his guideline range would have been 46-57 months' under the 2002 Guidelines, and although he was subject to a mandatory-minimum sentence of 60 months' imprisonment, he says his sentence would have been less because he was eligible for safety-valve relief. With or without safety-valve relief, Green almost certainly would have been released before the effective date of Amendment 782 in November 2015 if he had not absconded, and the Amendment would not have applied to his sentence. Because Green did abscond, the district court determined that Green should not now be entitled to relief from the Amendment.

The district court further noted that if it gave Green the reduction, it would create an unwarranted sentencing disparity between him and his codefendants who did not abscond and who fully served their sentences before the Amendment went into effect. Both of these considerations -- promoting respect for the law and

5

avoiding unwarranted sentencing disparities -- are proper considerations under 18 U.S.C. § 3553(a), and the district court was free to afford these factors more weight than other factors under § 3553(a). See Frazier, 823 F.3d at 1333. On this record, the district court did not abuse its discretion by declining to reduce Green's sentence.

**AFFIRMED**.