[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14640
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06155-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 24, 2016)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

WILSON, Circuit Judge:

Craig Frazier appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines (Guidelines).  On appeal, he argues that the district court abused its discretion in deciding against a sentence reduction after considering the factors in 18 U.S.C. § 3553(a), even though Frazier was eligible for a reduction based on the amendment.  He also requests that we reassign the case to a different district court judge on remand.  After review of the parties' briefs and the record, we affirm.

I

This appeal concerns Frazier's third § 3582(c)(2) motion for sentence reduction and is his third sentencing appeal before this court.  Since 2008, the Sentencing Commission has passed a number of retroactive amendments directed at reducing the disparity in sentencing between crack cocaine and powder cocaine.  Such efforts culminated in Congress's passing of the Fair Sentencing Act in 2010, which prompted the Sentencing Commission to pass several sweeping amendments to reduce crack cocaine sentences.  In 2008 and 2011, Frazier filed his first two § 3582(c)(2) motions under Amendments 706 and 750, respectively.  On appeal of Frazier's second motion, this Court vacated the denial of a sentence reduction and remanded for the district court to detail its analysis of the § 3553(a) factors, since the court's denial provided only a conclusory statement that they had been

2

considered. *See United States v. Frazier*, 502 F. App'x 863, 866–67 (11th Cir. 2012) (per curiam).  At a hearing on remand, the district court acknowledged that Frazier would have received a lower guideline range if he had been sentenced after Amendment 750, but concluded that Frazier's history and characteristics did not support a sentence reduction because he had not shown respect for the law.  It denied his § 3582(c)(2) motion, and this Court affirmed on appeal.  *See United States v. Frazier*, 554 F. App'x 842, 846 (11th Cir. 2014) (per curiam).

Frazier now appeals the denial of his third § 3582(c)(2) motion, this time based on Amendment 782.[1]  In a short, one-page order, the district court concluded that "[a]lthough [Frazier] is eligible for a reduced sentence, his career offender status, post-sentence conduct in prison, additional state court conviction for murder, and his leadership role in a large-scale drug trafficking organization[] counsel against this Court exercising its discretion to reduce [Frazier's] sentence."

II

We review the district court's decision of whether to grant a sentence reduction under § 3582(c)(2) for an abuse of discretion.  *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009).  "The district court abuses its discretion if it fails to apply the proper legal standard or to follow proper procedures in making its

---

[1] Though Amendment 782 reduces Frazier's offense level under U.S.S.G. § 2D1.1(c) to 33, Frazier acknowledges that his offense level actually would be 34 because of his career-offender status.  Even so, he contends that Amendment 782 reduces his guideline range to 262 to 327 months' imprisonment, which is lower than his current range.

3

determination." *United States v. Jules*, 595 F.3d 1239, 1241–42 (11th Cir. 2010) (internal quotation marks omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When the district court considers a § 3582(c)(2) motion, it must engage in a two-part analysis: (i) recalculate the defendant's guideline range under the amended guidelines, then (ii) "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *See United States v. Bravo*, 203 F.3d 778, 780–81 (11th Cir. 2000). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The district court must consider the § 3553(a) factors and the nature and severity of the danger to any person or the community posed by a sentence reduction. *See Smith*, 568 F.3d at 927. It also may consider the defendant's post-sentencing conduct. *See* U.S.S.G. §1B1.10 cmt. 1(B)(iii).

Section 3553(a) sets forth the factors to be considered when imposing a sentence, including: (1) "the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the

4

law, and to provide just punishment"; (4) the need for "adequate deterrence"; (5) the need "to protect the public from further crimes"; (6) the guideline range; and (7) "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a).  A district court can demonstrate that it has considered the § 3553(a) factors by stating which pertinent factors weigh against granting a sentence reduction, even if it does not present particular findings for each individual factor.  *See United States v. Brown*, 104 F.3d 1254, 1255–56 (11th Cir. 1997) (per curiam) (affirming the denial of a sentence reduction where the district court mentioned the defendant's significant involvement in a large crack cocaine conspiracy and his lack of remorse or acceptance of responsibility).  The district court has discretion to determine how much weight to grant to a specific § 3553(a) factor.  *See United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

III

The district court did not abuse its discretion by denying Frazier's § 3582(c)(2) motion.  It complied with the two-part procedure for analyzing Frazier's § 3582(c)(2) motion by determining that he was eligible for a sentence reduction, but the reduction was not warranted based on its analysis of the § 3553(a) factors.  *See Bravo*, 203 F.3d at 780–81.  In reaching such a conclusion, the district court referenced several facts relating to the § 3553(a) factors that weighed against a sentence reduction, including the severe nature of Frazier's

5

offense and his history of violent crime.  The court also asserted that Frazier's post-sentencing conduct, which included several disciplinary infractions, weighed against a sentence reduction.  Such an analysis is all that is required to survive our level of scrutiny.  *See Smith*, 568 F.3d at 927–28 (A court "commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." (internal quotation marks omitted)).

The district court also did not abuse its discretion by failing to address explicitly the effect of the Fair Sentencing Act of 2010 or Frazier's positive efforts to improve his character because the record shows that it otherwise considered the § 3553(a) factors.  *See Brown*, 104 F.3d at 1255–56.  Therefore, the district court did not abuse its discretion in declining to amend Frazier's sentence.  *See Smith*, 568 F.3d at 927–28.

IV

We have the supervisory authority to reassign a criminal case to a different district court judge, but reassignment "is an extraordinary order."  *United States v. Gupta*, 572 F.3d 878, 891 (11th Cir. 2009).  "Where there is no indication of actual bias, we consider at least three factors to determine whether to reassign a case: (1) whether the original judge would have difficulty putting his previous views and findings aside; (2) whether assignment is appropriate to preserve the appearance of

justice; (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment." *Id.* (internal quotation marks omitted).

We decline to reassign Frazier's case to a different district court judge because there is no need for a remand and "reassignment is unnecessary to preserve the appearance of justice and would require undue duplication of effort." *See United States v. Shaygan*, 652 F.3d 1297, 1318–19 (11th Cir. 2011).

Accordingly, the denial of Frazier's § 3582(c)(2) motion is

**AFFIRMED.**