[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13302
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00456-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS REYNOLDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 3, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

A jury found Thomas Reynolds guilty of conspiracy with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846; attempting to possess with intent to distribute more than five kilograms of cocaine, in violation of 18 U.S.C. §§ 841(b)(1)(A)(ii) and 846; conspiracy to use and carry firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2).  His guidelines range for the first three counts was 151 to 188 months imprisonment, and he received a total sentence of 248 months (188 for the first three counts and a consecutive 60-month sentence for the fourth count).  Reynolds filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 782 lowered his guidelines range on the first three counts to 121 to 151 months.  The district court acknowledged that the amendment reduced his guidelines range, but denied his motion because of the nature of his offense and his violations of prison rules.  This is Reynolds' appeal.

We review the denial of Reynolds' § 3582(c)(2) motion for abuse of discretion.  United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009).  "When a defendant is eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), the district court must engage in [a] two-step analysis."  Id. at 927.  First, the court must "recalculate the defendant's guideline sentencing

2

range based upon the relevant amendment." Id.  There is no dispute that

Amendment 782 lowered Reynolds' guidelines range to 121 to 151 months for the

first three counts.  As for the second step, the court must "decide whether, in its

discretion, to retain the original sentence or re-sentence the defendant under the

amended guideline range after it has considered the sentencing factors listed in 18

U.S.C. § 3553(a), as well as public safety considerations, and the defendant's post-

sentencing conduct." Id. (quotation marks and alterations omitted).  Reynolds

argues that the district court abused its discretion in that second step because its

order does not show that it considered the relevant factors and it did not give

sufficient weight to his age, lack of criminal history, and post-offense

rehabilitation.

Those arguments fail.  Although the order denying Reynolds' motion was

short, the court stated that it reviewed his motion, the probation office's analysis,

the "[g]overnment's response, pertinent portions of the record," and was otherwise

"fully advised" of the premises of the motion.  That is enough to show that it

considered the relevant factors. See United States v. Eggersdorf, 126 F.3d 1318,

1322 (11th Cir. 1997) (concluding that the district court "enunciated sufficient

reasons for its [short] order denying resentencing" where it stated that it had

"reviewed the motions, the [government's opposition], the record, and [was]

otherwise fully advised").  And the court had the discretion to determine that the

3

circumstances of Reynolds' offense — attempting to rob cocaine from a stash house, planning to tie up a victim, fleeing from the police, and dropping a loaded gun with an obliterated serial number — and his violations of prison rules outweighed his age, lack of criminal history, and post-sentence rehabilitation.[1] See United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015) ("The weight accorded to any given § 3553(a) factor is a matter within the district court's discretion, and this Court will not substitute its judgment in weighing the relevant factors."); see also Smith, 568 F.3d at 927 (stating that a district court "commits no reversible error by failing to articulate specifically the applicability — if any — of each of the § 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account").

As a result, the district court did not abuse its discretion in denying Reynolds' motion. See United States v. Frazier, 823 F.3d 1329, 1333 (11th Cir. 2016) (concluding that the district court did not abuse its discretion in denying a § 3582(c)(2) motion where it "referenced several facts relating to the § 3553(a) factors that weighed against a sentence reduction" and asserted that the defendant's

---

[1] See 18 U.S.C. § 3553(a)(1) (providing that courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant").

4

"post-sentencing conduct, which included several disciplinary infractions, weighed against a sentence reduction").[2]

The district court's judgment is **AFFIRMED** and Reynolds' request for reassignment is **DENIED**.

---

[2] Reynolds also argues that the case should be remanded to a different district court judge, but that argument is moot because the court did not abuse its discretion in denying his § 3582(c)(2) motion. See Frazier, 823 F.3d at 1333 ("We decline to reassign [the defendant's] case to a different district court judge because there is no need for a remand . . . .").