[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  15-13688
Non-Argument Calendar

_____

D.C. Docket No. 9:97-cr-08125-KLR-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELWOOD COOPER,

Defendant - Appellant.

_____

No. 15-14304

_____

D.C. Docket No. 1:00-cr-00481-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERBERT HANNA,

Defendant,

ELWOOD J. COOPER,

Interested Party - Appellant.

_____

No.  16-17057
_____

D.C. Docket No. 1:00-cr-01091-DMM-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM BETHEL,
a.k.a. Brian Bethel,

Defendant,

ELWOOD COOPER,

Interested Party – Appellant.

2

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 4, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Elwood Cooper, proceeding *pro se*, challenges the district court's denial of his motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines.  He also asks us to review two other district court orders denying his motions—filed in his co-conspirators' criminal cases—seeking to unseal the transcripts of their sentencing hearings, which Cooper claims would have supported his arguments for a sentence reduction.  After careful review, we affirm.

## I.    FACTUAL BACKGROUND

In 1998, Cooper was convicted in federal court for his involvement in an ongoing conspiracy to import cocaine into the United States.  Cooper's role in the conspiracy included obtaining and overseeing the transport of 480 kilograms of cocaine from the Bahamas into the United States.

3

Prior to Cooper's sentencing, the probation office prepared a pre-sentencing investigation report ("PSR"), which reflected that Cooper was responsible for 480 kilograms of cocaine and assigned a base offense level of 38. The PSR then applied enhancements for Cooper's managerial role in the conspiracy, based on facts showing that he recruited others to transport the cocaine and directed payments to be made to those transporters, as well as for possession of firearms during the offense, based on facts showing that Cooper's co-conspirators possessed firearms while loading and transporting the cocaine from the Bahamas to the United States. Based on Cooper's total offense level of 43 and his criminal history category of I, the PSR calculated the guidelines range as life imprisonment. Before the sentencing hearing, Cooper submitted written objections challenging some of the PSR's description of the offense as well as the application of the enhancements for a managerial role and knowingly using a firearm. In these written objections, however, Cooper did not challenge the PSR's finding that he was responsible for 480 kilograms of cocaine or the calculation of his base offense level.

At sentencing, Cooper continued to object to the enhancements based upon his supervisory role and knowledge that firearms would be used in the offense. Cooper did not challenge directly the PSR's finding that he was responsible for 480 kilograms of cocaine. At one point during the sentencing hearing, while arguing that the enhancements were inapplicable, Cooper's attorney asserted that

4

the government failed to prove that Cooper knew the quantity of cocaine involved would be as high as 300 kilograms.  But, later in the sentencing, the district court stated that the offense involved 480 kilograms of cocaine and the government agreed.  At that point, Cooper did not object or otherwise indicate that he contended a smaller quantity of drugs should be attributed to him.  The district court then imposed a sentence of life imprisonment.  After the sentencing, the district court completed a statement of reasons, indicating that it had adopted the factual findings and the guidelines calculation in the PSR.

In May 2015, Cooper filed a motion in the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense level for most drug offenses.  Before Amendment 782, a base offense level of 38 applied to offenses involving 150 kilograms or more of cocaine.  After Amendment 782, a base offense level of 38 applies only to offenses involving 450 kilograms or more of cocaine.  In his motion, Cooper contended that he was entitled to a sentence reduction under Amendment 782 because his offense involved between 150 and 300 kilograms of cocaine.

The government opposed Cooper's motion for a sentencing reduction, explaining that the district court had found Cooper responsible for 480 kilograms.  Given this drug quantity, the government asserted that Cooper's base offense level,

total offense level, and advisory sentencing guidelines remained unchanged after

Amendment 782. Before the time for Cooper to file his reply brief had expired, the

district court denied Cooper's motion, adopting the government's position.  Cooper

then filed a motion for reconsideration, which was also denied.  Cooper then

appealed.

On the same day that Cooper filed his motion for a sentence reduction, he

filed motions in Southern District of Florida cases 00-cr-481 and 00-cr-1091,

seeking to unseal the transcripts of his co-conspirators' sentencing hearings.

Cooper claimed that the information in those transcripts would be relevant to his

§ 3582(c)(2) motion for a sentence reduction because the transcripts would allow

him to develop mitigating facts and circumstances, as well as show that there were

unwarranted sentencing disparities between his life sentence and the sentences that

his co-conspirators received.

Cooper's motions were denied.  In case 00-cr-1091, the government filed a

response opposing Cooper's request, explaining that he was categorically ineligible

for a sentence reduction under Amendment 782, making any documents or

proceedings related to the sentences of his co-conspirators irrelevant.  Before the

time for Cooper to file his reply brief had expired, the district court summarily

denied Cooper's motion.  In case 00-cr-481, without ordering a response from the

government, the district court denied Cooper's motion, explaining that he had no

need for the transcripts because his motion for reduction of sentence had already

been denied.  In each case, after the district court denied the motion, Cooper filed a

motion for reconsideration, which was also denied.  Cooper appealed the decisions

denying his motions to unseal documents as well as his motions for

reconsideration.

These consolidated appeals present us with the questions of whether the

district court erred in denying Cooper's motion for reduction of sentence and his

motions seeking to unseal the transcripts of his co-conspirators' sentencing

hearings.

## II.    STANDARD OF REVIEW

We review *de novo* a district court's legal conclusions about the scope of its

authority under 18 U.S.C. § 3582(c).  *United States v. Maiello*, 805 F.3d 992, 996

(11th Cir. 2015).  We review for abuse of discretion a district court's decision to

determine what portions of the record should be placed under seal.  *See Perez-*

*Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

## III.    ANALYSIS

Cooper contends on appeal that the district court erred in denying his

motion for reduction of sentence because he was entitled to relief under

Amendment 782, as well as in denying his motions to unseal sentencing transcripts

because the sentencing transcripts were relevant to show why he was entitled to a

sentence reduction.  We conclude that because Cooper was ineligible for a sentence reduction based on Amendment 782, all of his motions were properly denied.

**A.     The District Court Properly Denied Cooper's Motion for Sentence Reduction.**

A district court has discretion under 18 U.S.C. § 3582(c)(2) "to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission."  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  In considering a motion for a sentence reduction, the district court must engage in the following analysis:  it "(1) determines if the applicable new amendment actually lowers the defendant's guidelines range; (2) if the amended range is lower, determines the sentence it would have imposed given the amended guidelines range, holding constant all other findings made at the original sentencing; and (3) decides whether to impose a new, reduced sentence or retain the original one."  *United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010). In deciding whether to impose a new, reduced sentence or retain the original one, the district court must consider the sentencing factors set forth at 18 U.S.C. § 3553. *United States v. Frazier*, 823 F.3d 1329, 1332 (11th Cir. 2016).  Importantly, if a retroactively applicable guideline amendment does not reduce the defendant's guidelines range, the district court is not authorized to grant a sentence reduction.

8

*United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *see* U.S.S.G.

§ 1B1.10(a)(2)(B) (stating that a sentence reduction under § 3852(c)(2) is not

authorized when an amendment "does not have the effect of lowering the

defendant's applicable guideline range").

Here, the district court correctly concluded that Cooper was ineligible for a

sentence reduction under Amendment 782. Although Amendment 782 reduced the

base offense level for most drug offenses, it did not change the base offense level

for an offense, like Cooper's, that involved 450 kilograms or more of cocaine. *See*

U.S.S.G. § 2D1.1(c). Because Amendment 782 effected no change on Cooper's

guidelines range, the district court had no authority under § 3582(c)(2) to reduce

his sentence and thus properly denied his motion.

Cooper disputes that the district court found at his original sentencing that he

was responsible for 480 kilograms of cocaine. But we must treat the PSR as

conclusively establishing the drug quantity involved in the offense because Cooper

failed to object to the portion of the PSR setting forth the drug quantity. *See*

*United States v. Rodriguez*, 751 F.3d 1244, 1248 n.1 (11th Cir. 2014) ("It is the law

of this circuit that a failure to object to allegations of fact in a [PSR] admits those

facts for sentencing purposes." (internal quotation marks omitted)). The PSR set

forth the facts of the offense and described how confidential sources, working at

Cooper's request, loaded 480 kilograms of cocaine into a boat; how the vessel

sailed from the Bahamas to the United States with 480 kilograms of cocaine aboard; and how law enforcement subsequently found 480 kilograms on the boat. Cooper raised no objection to the portions of the PSR setting forth these facts or calculating his base offense level based on them.

Cooper contends that he objected to the portion of his PSR regarding the drug quantity when his counsel asserted at the sentencing hearing that there was no evidence that Cooper knew that the quantity of drugs involved would be as high as 300 kilograms. But a close reading of the sentencing transcript reveals that Cooper's attorney was discussing only the firearms enhancement and had not challenged the drug quantity used in the calculation of his base offense level. And, later in the sentencing hearing when the district court expressly stated that the offense involved 480 kilograms of cocaine Cooper did not challenge this finding.

But even if Cooper had raised an objection to the drug quantity, the district court expressly found that the offense involved 480 kilograms of cocaine. The district court stated that the offense involved 480 kilograms of cocaine. And the district court's written Statement of Reasons indicates that it adopted the facts set forth in the PSR, which included the drug quantity. The district court having found that Cooper was responsible for 480 kilograms of cocaine, Amendment 782 did not change Cooper's guidelines range, and the district court properly denied his motion for a reduction in sentence.

10

Cooper nonetheless asserts that the district court erred in denying his motion for a resentencing because he is entitled to a downward variance to avoid unwarranted sentencing disparities with his co-conspirators who were sentenced after him and did not receive life sentences.  We acknowledge that if Amendment 782 had changed Cooper's guidelines range, the district court would have had to weigh the factors to be considered in imposing a sentence set forth at 18 U.S.C. § 3553(a) in deciding whether to grant Cooper a sentence reduction.  *See Frazier*, 823 F.3d at 1332.  Evidence about his co-conspirator's sentences could be relevant to that inquiry.  But because Amendment 782 did not change his guidelines range, the district court simply had no discretion to reduce his sentence.  *See United States v. Glover*, 686 F.3d 1203, 1206 ("[A] court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case.  It is that simple."), *abrogated on other grounds by* Amendment 780.  We, accordingly, reject Cooper's argument that the district court erred in denying his motion for a reduction in sentence.

**B.      The District Court Did Not Abuse Its Discretion in Denying Cooper's Motions to Unseal Sentencing Hearing Transcripts.**

The public enjoys a qualified First Amendment right of access to criminal trial proceedings.  *See United States v. Ochoa–Vasquez*, 428 F.3d 1015, 1028-29 (11th Cir. 2005).  This right establishes a presumption of openness that generally precludes the sealing of criminal proceedings.  *Id.* at 1030.  To overcome this

11

presumption, a party must show "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enter. Co. v. Superior Court of Cal.*, 464 U.S. 501, 510 (1984)).  A district court, addressing the sealing of criminal proceedings, has "discretion to determine which portions of the record should be placed under seal." *Perez–Guerrero*, 717 F.3d at 1235.

Cooper argues that the district court improperly denied his motions seeking to unseal the transcripts of his co-conspirators' sentencing hearings.  He asserts that he has a qualified First Amendment right to access the sealed transcripts and that information in those transcripts would have been relevant to the district court's weighing of the § 3553 factors.  But, as we explained above, because Cooper cannot show that Amendment 782 changed his guidelines range, he is not entitled to a sentence reduction.  We cannot say that the information Cooper sought to unseal would be relevant to establish his eligibility for relief under § 3582(c)(2).  We thus conclude that the district court did not abuse its discretion in denying his motions to unseal.[1]

---

[1] Cooper also contends that the district court erred by entering orders that denied his motions before the deadline for his reply briefs.  Even assuming that the district court erred by doing so, we see no reversible error because Cooper has not shown that the error affected his substantial rights.  *See* Fed. R. Crim. P. 52(a) ("Any error . . . that does not affect substantial rights must be disregarded.").  Cooper cannot show that the outcome would have been different if the district court had received his reply brief.

## IV.    CONCLUSION

For the reasons set forth above, we affirm the district court's denials of

Cooper's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), as

well as his motions to unseal sentencing hearing transcripts.

**AFFIRMED.**