[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15536
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00037-LC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRENCE L. WATSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 1, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Terrence Watson, proceeding pro se, appeals the district court's denial of his

renewed motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based

on Amendment 782 to the Sentencing Guidelines.  The district court initially sentenced Watson to an above-guidelines mandatory life sentence, pursuant to 21 U.S.C. § 841(b)(1)(A).  The court subsequently reduced his sentence to 144 months' imprisonment after granting the government's post-sentencing  Fed. R. Crim. P. 35(b) motion for a reduction based on substantial assistance.  On appeal, Watson argues that the district court abused its discretion in denying his renewed § 3582(c)(2) motion because the district court failed to specify any legitimate reason for the denial, calculate his amended guideline range, or address the 18 U.S.C. § 3553(a) factors as required.  After careful review, we affirm.

We review a district court's decision to grant or deny a sentence reduction for abuse of discretion.  United States v. Frazier, 823 F.3d 1329, 1332 (11th Cir. 2016).  Abuse of discretion review, however, "is not simply a rubber stamp." United States v. Johnson, 877 F.3d 993, 997 (11th Cir. 2017) (quotation omitted). The district court must give enough explanation to allow meaningful appellate review.  Id.  A district court abuses its discretion by failing to apply the proper legal standard or by failing to follow proper procedures.  United States v. Jules, 595 F.3d 1239, 1241-42 (11th Cir. 2010).  We can affirm the denial of a § 3582(c)(2) motion where the district court's error was harmless.  United States v. Anderson, 772 F.3d 662, 670 (11th Cir. 2014); United States v. Jackson, 613 F.3d

1305, 1310 n.7 (11th Cir. 2010).  We liberally construe pro se filings.  Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).

When a district court considers a § 3582(c)(2) motion, it must comply with a two-step analysis.  Frazier, 823 F.3d at 1332.  The court must "(i) recalculate the defendant's guideline range under the amended guidelines, then (ii) decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence."  Id. (quotation omitted).  Under the first step, only the amended guideline range is changed, and "[a]ll other guideline application decisions made during the original sentencing remain intact."  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).  Nothing requires the district court to explicitly state the amended guideline range in order to comply with the first step.  See Frazier, 823 F.3d at 1332-33.

As for the second step, the district court must consider the § 3553(a) factors, United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009), which include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, and the needs to avoid unwarranted sentence disparities, reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  18 U.S.C. §

3

3553(a)(1)-(6).  However, the district court "commits no reversible error by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court."  Smith, 568 F.3d at 927 (quotation omitted).

Although the district court must undertake this two-step analysis, it retains its discretion not to reduce the sentence.  Vautier, 144 F.3d at 760.  It also "has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline."  Id. at 761.

Amendment 782 is retroactive.  U.S.S.G. § 1B1.10(d).  It reduced the base offense level for certain drug offenses, see id. Supp. to App. C., amend. 782, so that a drug offense involving at least 5 kilograms but less than 15 kilograms of cocaine now receives a base level of 30.  Id. § 2D1.1(c)(5).  Under the amended guidelines, a total offense level of 27 (Watson's base level of 30 minus a 3-level reduction for acceptance of responsibility and cooperation with the government, U.S.S.G. § 3E1.1, as noted in his original presentence investigation report) and a criminal history category of IV result in a guideline range of 100 to 125 months' imprisonment.  See id. ch. 5, pt. A, sentencing table; id. § 2D1.1(c)(5).

Here, the district court did not abuse its discretion in denying Watson's renewed § 3582(c)(2) motion.  See Frazier, 823 F.3d at 1332.  In denying the

4

renewed motion, the district court said that it had considered the motion and taken into account "the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable." The district court further observed that, "§ 3582(c)(2) and Amendment 782 permit[] a sentence reduction if certain criteria are met; however, no sentence reduction is mandated in any circumstance." The district court ultimately determined that Watson had "already received significant reductions from his original guideline range (mandatory life to 144 months) due to his substantial assistance to the Government," and that "the magnitude of the offense and [Watson's] role [made] a further reduction unwarranted." Thus, when it denied the renewed motion, the court indicated that it had followed the required two-step analysis and referenced Watson's prior sentencing proceedings, all of which contain enough explanation to allow for meaningful appellate review. See Johnson, 877 F.3d at 997; Frazier, 823 F.3d at 1332; Smith, 568 F.3d at 927.

Moreover, although the district court did not explicitly state that it had recalculated Watson's guideline range, the record sufficiently demonstrates that it did so. Assuming that Amendment 782 applies to lower Watson's guideline range, his amended guideline range would be reduced to 100 to 125 months' imprisonment, taking into account an adjusted base offense level of 30, a 3-level reduction for acceptance of responsibility, and a criminal history category of IV.

See U.S.S.G. ch. 5, pt. A, sentencing table; id. § 2D1.1(c)(5); id. § 3E1.1; Vautier, 144 F.3d at 760. As the district court's order indicates, the court recognized that Amendment 782 permitted a reduction below 144 months' imprisonment, which accurately reflects Watson's record. Nevertheless, the district court noted that Watson had "already received significant reductions from his original guideline range (mandatory life to 144 months) due to his substantial assistance to the Government," and that "the magnitude of the offense and defendant's role ma[d]e a further reduction unwarranted." Thus, the record indicates that the district court calculated the new guideline range, but did not think the new range was appropriate in this case.

In any event, even if the district court failed to recalculate Watson's guideline range, this error was harmless. See Anderson, 772 F.3d at 670; Jackson, 613 F.3d at 1310 n.7. The record sufficiently demonstrates that the district court considered the § 3553(a) factors in determining that a sentence below 144 months' was unwarranted and gave an adequate explanation for its denial, as it explicitly said that it had considered the § 3553(a) factors and found that further reduction was unwarranted in light of "the magnitude of the offense and [Watson's] role." See Smith, 568 F.3d at 927. On this record, the district court acted well within its discretion when it declined to grant a sentence reduction under § 3582(c)(2). See

<u>Vautier</u>, 144 F.3d at 760-61.  Accordingly, the district court did not abuse its discretion by denying Watson's § 3582(c)(2) motion, and we affirm.

**AFFIRMED**.

7