[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11878
Non-Argument Calendar

_____

D.C. Docket No. 5:98-cr-00067-HL-CHW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT LEE SAWYER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 28, 2021)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Robert Lee Sawyer pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Sawyer filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), which the district court granted in part.  Sawyer now appeals the district court's order.   After careful review, we affirm.

## I

A federal jury indicted Robert Sawyer on two counts of possession with intent to distribute a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  Sawyer pleaded guilty to and was convicted of possession of a firearm as a convicted felon.  The district court, adopting the PSI's guidelines-range calculation, sentenced Sawyer to 240 months' imprisonment.

Sawyer filed a motion to reduce his sentence under 18 U.S.C. § 3582.  He asked the district court to reduce his sentence to 188 months' imprisonment in an exercise of its discretion, noting that U.S.S.G. § 1B1.10, comment. (n.1) permitted the court to consider Sawyer's conduct while incarcerated.  The district court granted Sawyer's motion in part, reducing his sentence to 235 months' imprisonment.  The district court acknowledged both that Sawyer had an "extensive criminal history" and that he had completed substantial educational

training while incarcerated.  The district court weighed the § 3553(a) factors in arriving at its conclusion—in particular, 18 U.S.C. §§ 3553(a)(1) and (a)(2)(A)–(C).  Sawyer now appeals.[1]

## II

A prisoner may move for a reduction of sentence where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," including amendments to the Sentencing Guidelines.  18 U.S.C. § 3582(c)(2).  Amendment 782 to the guidelines retroactively lowered Sawyer's sentencing range.  We agree with the parties that § 3582(c)(2) permitted Sawyer to seek a reduction of his sentence.

In considering a § 3582(c)(2) motion, this Court requires a district court to engage in a two-part analysis.  First, the district court must determine "a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed."  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  During this first step, only the amended guideline is changed, and all other guideline-application decisions made during the original sentencing remain

---

[1] We review the district court's decision to grant or deny a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion.  *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017).

intact. *Id.* Second, the district court must decide "whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781. For the second step, "the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998).

Sawyer does not contest the first part of the district court's analysis, which concluded that his amended range was 188 to 235 months' imprisonment. Sawyer contends only that the district court abused its discretion by reducing his sentence to 235 months.

The district court did not abuse its discretion. "A district court can demonstrate that it has considered the § 3553(a) factors by stating which pertinent factors weigh against granting a sentence reduction, even if it does not present particular findings for each individual factor." *United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016). Here, the district court concluded that its revised sentence "reflects the nature and circumstances of the offense and the history and characteristics of the defendant," *see* 18 U.S.C. § 3553(a)(1), and "reflects the seriousness of the offense and promotes respect for the law, provides just punishment for the offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of [d]efendant," *see* 18 U.S.C. § 3553

4

(a)(2)(A)–(C).  The district court thus demonstrated that it considered the § 3553(a) factors.

Sawyer's arguments do not persuade us otherwise.  Sawyer contends that the district court unduly weighed Sawyer's criminal history and prison disciplinary history and failed to reduce his sentence in a way that avoided unwarranted sentencing disparities under § 3553(a)(6).  But under our precedent, "[t]he district court has discretion to determine how much weight to grant to a specific § 3553(a) factor."  *Frazier*, 823 F.3d at 1333.  The district court identified 18 U.S.C. § 3553(a)(1) and (a)(2)(A)–(C) as weighing against granting further sentence reduction.  It was under no obligation to afford particular weight to § 3553(a)(6)— "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *See Frazier,* 823 F.3d at 1333.[2]  Accordingly, we affirm.

**AFFIRMED.**

---

[2] Sawyer's opening brief also argues that the district court insufficiently explained how his "criminal history dictated a sentence near the top of his revised guidelines range but near the bottom of his original range," or how Sawyer's disciplinary record "impacted its § 3553(a) evaluation."  Sawyer expressly abandoned those insufficient-explanation arguments in his reply brief, so we need not consider them.