[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10884

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROGELIO GALVEZ,
a.k.a. Francoise Roger,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:96-cr-00075-JIC-27

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Rogelio Galvez, a federal prisoner proceeding *pro se* on appeal, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1]  He asserts his "remarkable" post-conviction rehabilitation, time-served, release plan, health conditions, and the 18 U.S.C. § 3553(a) factors all support his compassionate release.

The Government moves for summary affirmance of the district court's order and to stay the briefing schedule, contending Galvez has failed to show the district court abused its discretion when it found he did not establish an extraordinary and compelling reason to reduce his sentence.  The Government asserts the district court independently determined the 18 U.S.C. § 3553(a) factors did not support Galvez's compassionate release, and he continued to be a danger to the community.  After review,[2] we grant the Government's motion for summary affirmance.

_____

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

[2] We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  However, we review a district court's

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> [t]he court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment.

---

denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

n.1(A)–(D).  The defendant's medical condition qualifies as an extraordinary and compelling reason for compassionate release if he is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, comment. n.1(A). Additionally, § 3582(c)(1)(A) mandates the district court must consider the § 3553(a) factors[3] before granting a motion for compassionate release.  18 U.S.C. § 3582(c)(1)(A).

The Government is entitled to summary affirmance of the district court's denial of Galvez's motion for compassionate release under § 3582(c)(1)(A) because its position is clearly correct as a matter of law.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[4] (stating summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to

---

[3] The § 3553(a) factors include: (1) the offense's nature and circumstances and the defendant's history and characteristics; the need to (2) reflect the offense's seriousness; (3) afford adequate deterrence; (4) protect the public; (5) provide the defendant with educational or vocational training or medical care; to reflect (6) the kinds of sentences that are available; (7) the advisory guideline range; (8) the pertinent U.S. Sentencing Commission policy statements; and the need to (9) avoid unwarranted sentencing disparities, and (10) provide victims with restitution.  18 U.S.C. § 3553(a)(1)-(a)(7).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

First, the district court did not abuse its discretion when it denied Galvez's motion for compassionate release because he failed to demonstrate he possessed an extraordinary and compelling reason for compassionate release under § 1B1.13. Although he asserts his rehabilitation should be considered as an extraordinary and compelling reason for compassionate release, his argument is foreclosed by *Bryant*, where we held a defendant was only entitled to compassionate release based on (A) the defendant's medical condition, (B) his age, or (C) his family circumstances. *Bryant*, 996 F.3d at 1248 (holding, following the enactment of the First Step Act, § 1B1.13 continues to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present and that Application Note 1(D) did not grant discretion to courts to develop other reasons that might justify a reduction in a defendant's sentence); U.S.S.G. § 1B1.13, comment. n.1(A)–(C). Additionally, aside from his general concerns about the risks of COVID-19, Galvez has not demonstrated he suffers from a medical condition that impairs his ability to provide self-care within the prison environment. U.S.S.G. § 1B1.13, comment. n.1(A). The district court adequately considered Galvez's claims his heart condition was an extraordinary and compelling reason for compassionate release, but ultimately concluded that, after he was vaccinated for COVID-19, his heart condition no longer rose to the level of extraordinary and compelling. Likewise, neither his rehabilitation

nor the length of his already-served time can substitute a finding of extraordinary and compelling reasons to grant compassionate release.

Second, Galvez has failed to show the district court abused its discretion when it weighed the § 3553(a) factors, as the court had the discretion to determine how much weight to give to each of the § 3553(a) factors. *See United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016) ("The district court has discretion to determine how much weight to grant to a specific § 3553(a) factor."). The district court did not abuse its discretion when it explained the § 3553(a) factors weighed against his release, specifically, "his extensive criminal history, the violent nature of his crimes, and the substantial time remaining on his sentence." Because a court "must find that all necessary conditions are satisfied before it grants a reduction" under § 3582(c), the district court's finding Galvez failed to demonstrate an extraordinary and compelling reason for compassionate release was enough to preclude relief. *See United States v. Tinker*, 14 F.4th 1234, 1237, 1240 (11th Cir. 2021) ("Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction," and the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction). Likewise, its finding the § 3553(a) factors did not support his early release was also sufficient to preclude relief. Accordingly, the district court did not abuse its discretion when it denied

Galvez's motion for compassionate release, the Government's position is clearly correct as a matter of law, and it is entitled to summary affirmance of the district court's denial of Galvez's § 3582(c)(1)(A) motion for compassionate release.

Therefore, we GRANT the Government's motion for summary affirmance of Galvez's motion for compassionate release under § 3582(c)(1)(A), and DENY as moot its motion to stay the briefing schedule.

**AFFIRMED.**