**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10095
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JOHN HENRY ALEXANDER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cr-14004-AMC-1
_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

John Henry Alexander appeals his sentence of 80 months imprisonment followed by 4 years of supervised release, arguing (1) that it is procedurally unreasonable and (2) that it is substantively unreasonable. We affirm.

**I.**

John Henry Alexander was indicted on one count of distribution of at least five grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), after selling 27.7 grams to a confidential informant while under surveillance by law enforcement. He ultimately pleaded guilty to the charge. The sentencing hearing began with discussion as to whether three other, unindicted sales of methamphetamine to the same confidential informant could be considered in the Sentencing Guidelines calculation. The Government did not indict Alexander for the sales because it did not believe it could prove Alexander performed them by a preponderance of the evidence due to surveillance issues. And, in the plea agreement, the Government agreed to not argue or present evidence of Alexander's involvement in the three sales at sentencing. The sales were nevertheless included in the presentence investigation report because the Government believed Alexander did commit them and so reported them out of its duty of candor to the probation office.

The Court ultimately determined that it was "constrained to sustain the defense objection" to the inclusion of the three sales in the Guidelines calculation. The Court then stated that the Guidelines calculation without the three sales was: an offense level of 23,

a criminal history category of Level 3, and an advisory guideline range of 60 to 71 months imprisonment followed by 4 to 5 years of supervised release.[1] The Court then turned to the parties for their arguments of an appropriate sentence.

The Government recommended a sentence at the top of the Guidelines range and discussed, among other things, the "significant quantity of methamphetamine" involved in the present case as well as Alexander's "tactics" and "willingness to engage in violence" in the name of his operation. Specifically, the Government noted that Alexander told the confidential informant that he structures his sales with time delays between the transfer of money and the delivery of the substance to avoid detection by law enforcement and that he intentionally does not speak on the phone, share his location, or tell people where he's going for the same reason. Alexander also told the confidential informant that if anyone set him up, he would either kill that person himself or have that person killed by someone else.

The Government went on to discuss Alexander's long history of crime, which began at the age of 17, and includes, among other things, a probation sentence for battery on a law enforcement officer; convictions for escape, resisting an officer without violence, and introducing contraband into a jail; and charges of aggravated assault with a deadly weapon, attempted kidnapping,

---

[1] The Court also stated that the Guidelines fine range was $20,000 to $5 million, but it noted that no fine was recommended.

carjacking, and aggravated assault with a firearm.[2] Alexander was eventually convicted for possession of cocaine base with intent to distribute. For that, he received 170 months imprisonment, followed by 8 years of supervised release. He violated that release after approximately two and half years and was sentenced to 18 months imprisonment for that violation. Approximately two years after serving that time, while still on release, Alexander committed the instant crime of distributing methamphetamine. The Government summarized Alexander's history as one of "repeated drug offenses," "repeated use or intent to use violence," and the "inability to learn from multiple opportunities that [he] was given."

In response, Alexander requested 60 months imprisonment. He also presented a letter to the Court and a transcript of the online courses he had been taking since being incarcerated but before pleading guilty; discussed his family life and rough childhood; and maintained that he did not do much of what was on his record and that he simply pleaded guilty to things to come home.[3] He also stated that he started his own mobile car detailing business in 2022 and that he "back-slided . . . into the conduct" for which he was now in front of the Court when the truck he used for the business became inoperable.

---

[2] Alexander later noted that some of these charges occurred when he was very young and were ultimately nolle prossed.

[3] He maintains that he did not batter a law enforcement officer, escape, or do the actions he was charged with that were later dropped.

25-10095                Opinion of the Court                5

The Court "carefully listened to [Alexander's] allocution" and, in announcing its sentence, stated that it considered the permissible information in the presentence investigation report (i.e., not the three methamphetamine sales that it ruled would be excluded) as well as all statements from the hearing, except those related to "pending charges or other arrests or dismissed charges." However, even within the confines it placed on itself, it still saw a "very troubling criminal history that start[ed] early and continue[d] in a very troubling fashion, and then really reached an apex" when Alexander was convicted on the cocaine charge. The Court noted that the present case was very "similar" to the cocaine one, the only difference being that "now it's methamphetamine," and that Alexander distributed the methamphetamine while on supervised release stemming from the cocaine conviction.

Thus, even without the three unindicted sales of methamphetamine, the Court was "still left with this very troubling act of recidivism, despite a very serious sentence in federal court for very similar conduct." As such, there was "really no doubt that specific deterrence [was] necessary in this case, and that protecting the public from future crimes [was] also necessary, given [Alexander's] widespread criminal history and repeat drug offense." The Court explained that, when deciding "a reasonable sentence, all things considered" it could not "ignore the clear record in front of [it] which, unfortunately, is one of repeat criminality." "[F]or those reasons" the Court sentenced Alexander to 80 months imprisonment followed by four years of supervised release. The Court then explained that the sentence was an upward variance from the

Guidelines range but that the Court "believe[d] in [its] discretion, weighing all the statutory factors, that it [was] reasonable and appropriate to serve the statutory purposes of sentencing." In response, Alexander stated, "For the record, we do object to the upward variance that was imposed by the Court. And thank you." The Court concluded by noting that the sentence imposed was a result of an upward variance and its "discretion under Booker and the 3553(a) statutory factors." The Court did not file a written statement of reasons form. Alexander timely appeals.

## II.

Alexander argues now that the District Court procedurally erred in imposing his sentence because it did not provide specific reasons for the upward variance orally in open court or in a written statement of reasons.

"To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007). "A general objection . . . will not suffice." *United States v. Dennis*, 786 F.2d 1029, 1042 (11th Cir.), *on reh'g*, 804 F.2d 1208 (11th Cir. 1986); *see also United States v. Parks*, 823 F.3d 990, 994 (11th Cir. 2016), *overruled on other grounds by United States v. Steiger*, 99 F.4th 1316 (11th Cir. 2024) ("This statement was, at best, a general objection to the length of [the defendant's] sentence and insufficient to apprise the district court of [his] objection—it did not target § 3553(a) or § 3553(c)(2)."). And, where an objection does not suffice,

it is "not properly preserved. *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006). An unobjected-to error, including "an unobjected-to Section 3553(c) error[,] warrants review for plain error." *United States v. Steiger*, 99 F.4th 1316, 1322 (11th Cir. 2024).

Under plain error review, this Court considers whether "(1) the district court committed an error; (2) the error was plain; and (3) the error affected a substantial right." *Id.* at 1324 (citation and internal quotation marks omitted) (alterations adopted). If these three elements are met, this Court has the "discretion to correct the forfeited error if it (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted) (alterations adopted).

Further, if the district court imposes a sentence outside the Guidelines range, under 18 U.S.C. § 3553(c)(2), it must state the specific reasons for the variance both orally at the sentencing hearing and in a written statement of reasons form. *See Steiger*, 99 F.4th at 1321 (internal quotation marks omitted). However, failure to do so "does not affect a defendant's substantial rights if the record is clear enough to allow meaningful appellate review of the sentence." *Id.* at 1325. In other words, "a Section 3553(c) error warrants reversal under plain error review only when the district court's reasoning is unclear on the face of the record." *Id.*

To start, we note that the parties disagree as to whether Alexander preserved the procedural unreasonableness issue for appeal, which affects the standard of review we apply. We find that, though Alexander stated that he "object[ed] to the upward

variance" he did not provide the "particular grounds" upon which he would seek appellate relief. There are a number of things a party can challenge about an upward variance, not just the court's failure to provide reasons for it. *See, e.g.*, *United States v. Cornog*, 945 F.2d 1504, 1513 (11th Cir. 1991) ("The court must . . . give the defendant notice and an opportunity to comment before it departs upward . . . ."). Alexander did not express that that was where his issue lied; he simply gave a general objection to the upward variance, and that is not enough. Alexander did not preserve the issue for appeal, so we review for plain error.

Next, we address the District Court's two obligations—to provide the specific reasons for the upward variance orally at sentencing and in a written statement of reasons form—separately. In the sentencing hearing, the District Court thoroughly explained the reasons for the upward variance in Alexander's sentence. It cited Alexander's "very troubling" and "widespread" criminal history, his "very troubling act of recidivism," the need for specific deterrence, and the need to protect the public from future crime as the "reasons" for the sentence it imposed. It then explained that, though the sentence was higher than the Guidelines range, the variance was "reasonable and appropriate" to serve the statutory purposes of sentencing. As such, the District Court met its obligation to provide an oral statement of the specific reasons for the upward variance in the sentence it imposed. There was no error there, so the first requirement under plain error review is not met, and we need not address the others.

The same cannot be said for the Court's obligation to file a written statement of reasons form for the upward variance. The Court did not file the form, meaning that the first two requirements under plain error review were met: the Court did err, and the error was plain. After all, the Court did not fulfill its obligation as explicitly outlined in the statute. This error, however, did not affect Alexander's substantial rights. The District Court explained the specific reasons for the upward variance orally at the sentencing hearing, giving this Court a clear enough record for meaningful appellate review of the sentence. Therefore, the third requirement under plain error review, that the error affected a substantial right, is not met.

The District Court did not impose a procedurally unreasonable sentence.

### III.

Alexander also argues that the District Court imposed a substantively unreasonable sentence because it did not give enough weight to the mitigating evidence that he presented.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). This is a deferential standard that considers the totality of the circumstances. *Id.*

In determining a sentence, the district court is to consider various factors, including, among others, "the nature and circumstances of the offense," the "history and characteristics of the defendant," and the need to deter criminal conduct and protect the

public. 18 U.S.C. § 3553(a)(1)-(2). A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it "(1) fails to afford consideration to relevant § 3553(a) factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1338 (alterations adopted). We give due deference to the district court's consideration and weighing of the relevant sentencing factors, *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022), and reverse the sentence imposed only if we are left with a definite and firm conviction that the district court committed a clear error of judgment in weighing the factors. *United States v. Moore*, 22 F.4th 1258, 1269 (11th Cir. 2022).

Though a district court commits such clear error "when it weighs the § 3553(a) sentencing factors unreasonably," *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022), it does not have to give all the factors equal weight, and it is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Further, "[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (citation internal quotation marks omitted). "Instead, an acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Id.* (alterations adopted) (citation and internal quotation marks omitted).

25-10095                Opinion of the Court                11

Here, the District Court correctly considered and weighed the evidence related to the relevant factors. It "carefully listened to [Alexander's] allocution," in which Alexander discussed his childhood, his family, and his car-detailing business; it specifically acknowledged receipt of Alexander's transcript and the letter he had written the Court; and it discussed Alexander's criminal history after explicitly limiting itself to considering only certain parts of the history that had been presented. The Court also stated that it was necessary, here, to both deter future crime and protect the public from future crime. With that in mind, it determined that a "reasonable sentence, all things considered" was 80 months imprisonment followed by four years of supervised release. The Court correctly considered the sentencing factors and the evidence presented; it simply weighed the evidence different from what Alexander wanted. That does not mean the sentence imposed was unreasonable. Indeed, "[t]he decision about how much weight to assign a particular sentencing factor is committed to the sound discretion of the district court." *Rosales-Bruno*, 789 F.3d at 1254 (citation and internal quotation marks omitted). Further, though the Court did not explicitly mention each § 3553(a) factor when announcing its sentence, stating generally that it considered the factors was enough. The District Court did not abuse its discretion with the sentence it imposed.

## IV.

The District Court imposed a sentence that was both procedurally and substantively reasonable. We affirm. [4]

**AFFIRMED.**

---

[4] Alexander had a third argument that we should reassign this case to a different district court judge on remand. Though we have "supervisory authority to reassign a criminal case to a different district court judge," reassignment is "an extraordinary order" and is unnecessary where there is no need for a remand. *United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016) (internal quotation marks omitted).