[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13881
Non-Argument Calendar

_____

D.C. Docket No. 0:09-cr-60245-WPD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO RIVERAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2020)

Before JORDAN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Lazaro Riveras, proceeding with counsel, challenges the district court's denial of his counselled 18 U.S.C. § 3582(c)(2) motion to reduce sentence, which followed the denial of his pro se § 3582(c)(2) motion four years earlier that was based on the same amendment to the U.S. Sentencing Guidelines. The district court concluded that Riveras's present motion was barred by the law of the case based on the resolution of his prior motion, and in the alternative, denied the motion on the merits. On appeal, Riveras argues that: (1) the law-of-the-case doctrine was not applicable to his second motion because the appeal of the denial of his first motion was dismissed for want of prosecution, so there was no ruling on the merits to trigger the doctrine; (2) as for the district court's alternate ruling, the district court considered an improper sentencing factor by finding that he had perjured himself between his change of plea hearing and his 28 U.S.C. § 2255 motion, failed to provide him with an opportunity to be heard, failed to adequately explain its decision, and failed to consider his post sentencing rehabilitative conduct; and (3) a new judge should be assigned upon remand. After careful review, we affirm.

We review the district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794

2

F.3d 1288, 1293 (11th Cir. 2015) (quotations omitted).  Abuse of discretion is a deferential standard of review, under which we will affirm even in situations where we would have made a different decision had we been in the district court's position. United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).  The standard allows for a range of choices for the district court, "so long as that choice does not constitute a clear error of judgment."  Id. (quotations omitted).

An individual "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move the district court to reduce his term of imprisonment.  18 U.S.C. § 3582(c)(2).  When a district court considers a § 3582(c)(2) motion, it must follow a two-step analysis.  United States v. Frazier, 823 F.3d 1329, 1332 (11th Cir. 2016).  The district court must "(i) recalculate the defendant's guideline range under the amended guidelines, then (ii) decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence."  Id. (quotations omitted).  The district court must consider the 18 U.S.C. § 3553(a) factors and public safety when engaging in the second step of this analysis.  United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009).[1]  In addition,

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the

the court "may" consider the defendant's post-sentencing conduct. United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009). Although the district court must undertake this two-step analysis, it retains its discretion not to reduce the sentence. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

The district court is not required to explain the applicability of any of the specific § 3553(a) factors when ruling on a motion to reduce sentence under § 3582(c)(2) "as long as the record demonstrates that the pertinent factors were taken into account." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. However, "a sentencing court cannot consider against a defendant any constitutionally protected conduct" or otherwise consider information that is prohibited by law. United States v. Hill, 643 F.3d 807, 847 (11th Cir. 2011) (quotations omitted).

In a § 3582(c)(2) proceeding, a defendant is not entitled to a hearing or to have essential facts found by a jury beyond a reasonable doubt. United States v. Caraballo-Martinez, 866 F.3d 1233, 1239, 1249 (11th Cir. 2017). Nevertheless, the

_____

pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

district court must provide both the government and the defendant with notice of and an opportunity to contest in writing any information that is new and the court intends to rely on in addressing a § 3582(c)(2) motion. United States v. Jules, 595 F.3d 1239, 1245 (11th Cir. 2010) (holding that the district court violated the defendant's due process rights by denying his § 3582(c)(2) motion based on a probation officer's memorandum that outlined the defendant's post-conviction conduct but was not docketed or given to either party).

Here, the district court did not abuse its discretion in denying Riveras's § 3582(c)(2) motion. As an initial matter, the district court correctly followed the two-step process for ruling on such motions: first, it applied Amendment 782 retroactively to calculate Riveras's adjusted guideline range, and second, it exercised its discretion and declined to reduce Riveras's sentence after weighing the relevant considerations. Frazier, 823 F.3d 1332. The district court considered a number of factors in deciding not to reduce Riveras's sentence, including his underrepresented criminal history, the inconsistencies between his plea hearing testimony and § 2255 claims, and his post-sentencing rehabilitative conduct. These considerations fell under § 3553(a) -- in particular, the defendant's history and characteristics and the need to promote respect for the law -- and also encompassed Riveras's post-sentencing conduct, which the court was permitted to consider. See 18 U.S.C. § 3553(a)(1)-(2); Williams, 557 F.3d at 1256; Smith, 568 F.3d at 927; Williams, 526

5

F.3d at 1324.  After weighing these factors, the district court properly exercised its discretion and left Riveras's sentence untouched.  See Vautier, 144 F.3d at 760.

In addition, the district court's consideration of the inconsistencies between Riveras's plea colloquy testimony -- that, among other things, he had not been threatened or forced by his attorney or others to enter his guilty plea -- and his § 2255 allegations -- that his plea was involuntary and had been coerced and based on duress -- was not an improper consideration and fit under the rubric of his history and characteristics and his post-sentencing conduct.  18 U.S.C. § 3553(a)(1); Smith, 568 F.3d at 927.  Moreover, we cannot say that the district court violated Riveras's due process rights by relying on these inconsistencies to find that Riveras had committed "perjury," without giving him the opportunity to challenge it, since the underlying information was not "new."  Indeed, the statements that the court relied on for its finding were Riveras's own, and Riveras was aware that the district court could have relied on his testimony because it denied his first motion -- based on Amendment 782, the same amendment at issue here -- in part on that basis in 2015 and Riveras raised the issue again in his second motion.  Jules, 595 F.3d at 1245. Further, the district court was not required to hold a hearing on the issue or make its finding beyond a reasonable doubt.  Caraballo-Martinez, 866 F.3d at 1249.

The district court also adequately explained its decision not to reduce Riveras's sentence.  It restated its reasons for denying Riveras's first motion,

summarized the arguments that Riveras made in his second motion, and said that, in denying the second motion, it had considered Riveras's contradictory statements, the leniency of Riveras's original sentence, the sentences of Riveras's codefendants, Riveras's post-sentencing misconduct, and Riveras's post-sentencing rehabilitative conduct. On this record, which demonstrates that the relevant factors were taken into account, the district court was not required to explain the applicability or inapplicability of each § 3553(a) factor. See Eggersdorf, 126 F.3d at 1322-23; Smith, 568 F.3d at 927. Nor was it necessary for the court to explicitly address each document that Riveras attached to his motion because its order shows that it considered those documents and their implication for Riveras's rehabilitation. Eggersdorf, 126 F.3d at 1322 23. Accordingly, we affirm.[2]

**AFFIRMED.**

---

[2] Because we affirm based on the district court's discussion of the merits of Riveras's motion, we do not address whether the district court properly applied the law of the case doctrine. See United States v. Anderson, 772 F.3d 662, 668 (11th Cir. 2014) (explaining that the doctrine is a rule of judicial practice and is not jurisdictional in nature). Moreover, in light of our decision, the question of whether a new district court judge should be appointed is moot.