[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10747

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:09-cr-14007-KMM-7

_____

2                     Opinion of the Court                     22-10747

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Frank Pierre, a federal prisoner counseled on appeal, appeals the denial of his motions for a sentence reduction under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to the Sentencing Guidelines, and for compassionate release under § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act.[1]  He asserts the district court should have given more consideration to his motions based on his attempt to assist the State of Florida in a murder investigation, his health and medical issues, the 18 U.S.C. § 3553(a) factors, the impact of COVID-19, the applicability of Amendment 782, and his adjustment to prison life.  After review,[2] we affirm.

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (First Step Act).

[2] We review *de novo* the district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012).  If § 3582(c)(2) applies, we review the district court's decision to grant or deny a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). We also review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard.  *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

## I. DISCUSSION

### A.  18 U.S.C. § 3582(c)(2) and Amendment 782

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." United States v. Williams, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted). Further, any reduction in sentence must be consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(2).

Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses and is one of the listed guideline amendments that provides eligibility for relief under 18 U.S.C. § 3582(c)(2). See U.S.S.G. App. C, Amend. 782 (2014); U.S.S.G. § 1B1.10(d). Under the Amendment, if a court attributes 150 to 450 kilograms of cocaine to a defendant, his base offense level is 36. U.S.S.G. App. C, Amend. 782 (2014).

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2). United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the court must determine the sentence it would have imposed, given the defendant's amended guideline range and holding all other guideline findings made at the original sentencing constant. Id.

Second, the court must determine, in its discretion, whether to reduce the defendant's sentence and, if so, to what extent. *Id.* at 781. In exercising that discretion, the court must consider the § 3553(a) factors.[3] *Id.*; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)). The court also must consider the nature and seriousness of any danger a reduction poses to persons or to the community and may consider a defendant's post-sentencing conduct. *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (n.1(B)((ii)-(iii)).

Pierre has not established the district court abused its discretion when it denied his motion for a reduced sentence under § 3582(c)(2). Although Pierre was eligible for a sentence reduction under § 3582(c)(2), the district court found the § 3553(a) factors weighed against reducing his sentence.

The district court explained that, because of Pierre's "substantial and violent criminal history," his leadership role in the cocaine distribution organization, the seriousness of his crimes, and his possession of a firearm in furtherance of his crimes, he was not entitled to a reduced sentence under § 3582(c)(2). Additionally, it

---

[3] The § 3553(a) factors include: (1) the offense's nature and circumstances and the defendant's history and characteristics; the need to (2) reflect the offense's seriousness; (3) afford adequate deterrence; (4) protect the public; (5) provide the defendant with educational or vocational training or medical care; to reflect (6) the kinds of sentences available; (7) the advisory guideline range; (8) the pertinent U.S. Sentencing Commission policy statements; the need to (9) avoid unwarranted sentencing disparities; and (10) provide victims with restitution. 18 U.S.C. § 3553(a).

found Pierre's sentence was "necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, . . . to provide adequate deterrence of criminal conduct," and to protect the public. Although Pierre was willing to assist the State of Florida in an ongoing murder investigation, that fact did not outweigh the § 3553(a) factors. The district court had the discretion to determine how much weight to give each of the § 3553(a) factors, and Pierre's disagreement with the weight given to each factor is insufficient to show the district court abused its discretion when it weighed the factors. *See United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016) (explaining "[t]he district court has discretion to determine how much weight to grant to a specific § 3553(a) factor").

The record reflects the district court considered the pertinent § 3553(a) factors and does not indicate the district court applied an incorrect legal standard, followed improper procedures in making its determination, or made clearly erroneous findings of fact. *See United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (stating a district court abuses its discretion if it "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous" (quotation marks omitted)); *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (stating a district court does not need to specifically articulate the applicability of each of the § 3553(a) factors, "as long as the record demonstrates that the pertinent factors were taken into account by the district court").

Because Pierre has failed to establish the district court abused its discretion when it denied his motion for a reduced sentence under § 3582(c)(2), we affirm.

## B.  18 U.S.C. § 3582(c)(1)(A)

In the context of compassionate release, the statute provides that:

> [T]he court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i).  Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A).  U.S.S.G. § 1B1.13.  The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons.  *Id.*, comment. n.1(A)–(D).  Moreover, in addition to determining that extraordinary and compelling reasons warrant a reduction, U.S.S.G. § 1B1.13 states the district court must also determine the defendant

is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

To grant a reduction under § 3582(c)(1)(A), district courts must find three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence, as the absence of even one forecloses a sentence reduction. *Id.* at 1238.

Pierre has not sufficiently challenged each of the district court's independent grounds for denying his motion for compassionate release. *See United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, [an appellant] must convince us that every stated ground for the judgment against him is incorrect." (quotation marks omitted)). Although Pierre challenges the district court's finding the § 3553(a) factors did not support his early release, he fails to plainly and prominently argue the district court abused its discretion when it found he did not establish an extraordinary and compelling reason for compassionate release. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (stating an issue on appeal must be plainly and prominently raised in the party's brief, and the brief must devote a discrete, substantial portion of the argument to that issue, or the issue will be deemed abandoned); *see also United States v. Campbell*, 26

F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances). Because a court "must find that all necessary conditions are satisfied before it grants a reduction" under § 3583(c), the district court's finding that Pierre did not establish extraordinary and compelling reasons to reduce his sentence was sufficient to preclude relief. *See Tinker*, 14 F.4th at 1237-38.

Pierre argues the district court should have considered his health when it denied his motion. Pierre fails to assert his medical conditions rose to the level of an extraordinary and compelling reason to obtain compassionate release, or that the district court erred when it found he had not established an extraordinary and compelling reason to reduce his sentence. *See Jernigan*, 341 F.3d at 1283 n.8; *Campbell*, 26 F.4th at 873. Likewise, Pierre does not contend the district court abused its discretion when it found he did not have a terminal illness that precluded his ability to provide self-care within the prison environment. *See id.*

In any case, Pierre's challenge to the district court's assessment of the § 3553(a) factors fails for the same reasons as discussed with respect to his motion filed under § 3582(c)(2).

## II. CONCLUSION

The district court did not abuse its discretion when it found that, although Pierre was eligible for a reduced sentence under 3582(c)(2), the 18 U.S.C. § 3553(a) factors did not support a

22-10747              Opinion of the Court                    9

sentence reduction.  Additionally, Pierre failed to adequately challenge the district court's finding he did not establish extraordinary and compelling reasons for compassionate release, which was one of the court's independent grounds for denying his *pro se* motion under § 3582(c)(1)(A).  Accordingly, we affirm.

**AFFIRMED.**