[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12883

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILFREDO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:03-cr-20759-MGC-1

_____

Before ROSENBAUM, JILL PRYOR, and TJOFLAT, Circuit Judges.

PER CURIAM:

Wilfredo Rodriguez, who is counseled on appeal, appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) (the "First Step Act"). He argues that the District Court erred when it found that he did not establish an extraordinary and compelling reason for compassionate release based on the availability of COVID-19 vaccines and that it abused its discretion when it weighed the 18 U.S.C. § 3553(a) factors because it disregarded highly relevant and significant factors.

We review *de novo* a district court's determination about a defendant's eligibility for an 18 U.S.C. § 3582(c) sentence reduction. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (2021). However, we review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion under an abuse of discretion standard. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court abuses its discretion when it applies an incorrect legal standard or makes a clear error of judgment. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015).

A concession of law is not binding on us. *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). Under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or this Court sitting

en banc. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012) (per curiam).

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *Bryant*, 996 F.3d at 1251. As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> [t]he court, upon motion of the Director of the Bureau of Prisons [(the "BOP")] or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The application notes to U.S.S.G. § 1B1.13 list four categories of extraordinary and compelling reasons: (A) the defendant's medical condition, (B) his age, (C) his family circumstances, and (D) other reasons. *Id.*, comment. n.1(A)–(D). The defendant's medical condition qualifies as an

extraordinary and compelling reason for compassionate release if he is "suffering from a serious mental or physical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, cmt. n.1(A). In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(2).

In *Bryant*, we held that § 1B1.13 "is an applicable policy statement that governs all motions under Section 3582(c)(1)(A)," including those filed by defendants. 996 F.3d at 1262. Likewise, we held that, following the enactment of the First Step Act, § 1B1.13 continued to constrain a district court's ability to evaluate whether extraordinary and compelling reasons were present and that Application Note 1(D) did "not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* at 1248.

Additionally, § 3582(c)(1)(A) requires the district court to consider the § 3553(a) factors before granting a motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). The § 3553(a) factors include: (1) the offense's nature and circumstances and the defendant's history and characteristics; the need to (2) reflect the offense's seriousness; (3) afford adequate deterrence; (4) protect the public; (5) provide the defendant with educational or vocational training

or medical care; to reflect (6) the kinds of sentences that are available; (7) the advisory guideline range; (8) the pertinent U.S. Sentencing Commission policy statements; and the need to (9) avoid unwarranted sentencing disparities, and (10) provide victims with restitution. 18 U.S.C. § 3553(a)(1)–(a)(7).

Nevertheless, a district court does not need to specifically articulate the applicability of each of the § 3553(a) factors, "as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). Further, "[t]he district court has discretion to determine how much weight to grant to a specific § 3553(a) factor." *United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016). Although the district court need not exhaustively analyze every factor in its order, it must provide enough analysis for meaningful appellate review, including what factors it relied on. *United States v. Cook*, 998 F.3d 1180, 1184–85 (11th Cir. 2021). We have held that, although a district court "made no mention of evidence that arguably mitigated in [defendant's] favor under § 3553(a), we [could not] say that the court's failure to discuss this mitigating evidence means that the court erroneously ignored or failed to consider this evidence in determining [his] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted) (addressing a direct criminal appeal).

"Under § 3582(c)(1)(A), the court must find that all necessary conditions are satisfied before it grants a reduction." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).

Accordingly, the absence of any one of the necessary conditions—support in the 18 U.S.C. § 3553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement—forecloses a sentence reduction. *Id.* Additionally, we have held that nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate release analysis in any particular order. *Id.*

Here, the District Court did not abuse its discretion when it denied Rodriguez's motion for compassionate release. The District Court provided sufficient analysis for meaningful appellate review because it explained which factors it relied upon, including the violent nature and circumstances of Rodriguez's offense, his violent history both in and out of custody, and the need to reflect the seriousness of his offense, afford adequate deterrence, and protect the public. Further, the District Court's failure to discuss his mitigating evidence—such as Rodriguez's enrollment in courses in the past twelve years, his improved discipline history since 2009, his work in UNICOR, and his stellar work observations—is not evidence that it failed to consider or ignored such evidence.

The Court pointed to the violent nature of Rodriguez's conviction; specifically, that he and his associate brought semi-automatic pistols, handcuffs, and gloves to commit a planned robbery. The Court also noted that many of Rodriguez's sixteen prior convictions involved violent conduct, and that Rodriguez's conduct did not improve while he was incarcerated—he smuggled heroin into the Federal Detention Center, and was disciplined for setting a fire,

fighting, and possessing a dangerous weapon.  He was also convicted of assaulting another inmate.  Referencing other § 3553(a) factors, the Court said: "Early release would not promote respect for the law, just punishment, or the deterrence objectives of sentencing."

Rodriguez also argues that the District Court abused its discretion when it disregarded the government's concession that he exhibited an extraordinary and compelling reason for compassionate release.  As an initial matter, this Court is not bound by the government's concession of law.  *See Colston*, 4 F.4th at 1187; *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000) (per curiam).  But beyond that, this concession does not tell the whole story.  Even though the government conceded that Rodriguez's medical conditions qualified as an extraordinary and compelling reason for early release, the government opposed Rodriguez's motion for compassionate release based on the § 3553(a) sentencing factors and the continuing danger it argued that Rodriguez posed to the community.  And in any case, to be eligible for relief, Rodriguez needed to show *all three* of the necessary conditions.  *See Tinker*, 14 F.4th at 1237.  We have already held that the District Court did not err in holding that the § 3553(a) factors did not support Rodriguez's compassionate release.  Because that finding alone means that one of the necessary conditions for relief is missing—and thus Rodriguez's requested relief is foreclosed—we need not address whether he demonstrated an extraordinary and compelling reason for compassionate release.

**AFFIRMED.**