[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12727

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRY CARABALI SOLIS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00334-WFJ-TGW-1

————————————————

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Henry Solis appeals the district court's denial of his counseled motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines, which provides that defendants who did not receive any criminal history points, and whose instant offenses did not involve specified aggravating factors, are eligible for a decrease of two levels from their calculated offense levels. Solis argues that the district court failed to sufficiently consider the Guidelines policy statement permitting retroactive application of Guidelines amendments. He also argues that the district court erred in failing to consider certain post-sentencing developments, such as his amended guideline range and his post-sentencing rehabilitation. After careful review, we conclude that the district court did not abuse its discretion in denying Solis's motion for a reduced sentence.

We review a district court's denial of a motion for a sentence reduction, pursuant to § 3582(c)(2), for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotation marks omitted).

Section 3582(c)(2) permits a district court to reduce a sentence for a defendant "who has been sentenced to a term of

imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," so long as "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission has indicated that sentence reductions are permissible when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment listed in U.S.S.G. § 1B1.10(d)." U.S.S.G. § 1B1.10(a).

The policy statement for § 1B1.10 provides that:

[t]he listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate for previously sentenced, qualified defendants.

§ 1B1.10, p.s. The policy statement also states, however, that the "authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." *Id.*

Amendment 821 to the Sentencing Guidelines went into effect in November 2023. *See* U.S. Sentencing Commission, *Adopted Amendments (Effective November 1, 2023)*, Amendment 821. As relevant here, Part B of Amendment 821, which the Commission stated should be applied retroactively, added a new section, § 4C1.1 (2023), which provides for a decrease in a defendant's offense level if the defendant satisfies ten criteria, including that the defendant

did not receive any criminal history points from Chapter 4, Part A. U.S.S.G. amends. 821, 825 (2023); *see also* § 1B1.10.

If the district court determines that a defendant is eligible for a sentence reduction under § 3582(c)(2), it next must consider the relevant factors under 18 U.S.C. § 3553(a) to determine whether, in its discretion, such a reduction is warranted. 18 U.S.C. § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The § 3553(a) factors include: (1) the nature and circumstances of the offense conduct and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

"The district court has discretion to determine how much weight to grant to a specific § 3553(a) factor." *United States v. Frazier*, 823 F.3d 1329, 1333 (11th Cir. 2016). District courts are "not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted). We have held

that, although a district court "made no mention of evidence that arguably mitigated in [defendant's] favor under § 3553(a), we [could not] say that the court's failure to discuss this mitigating evidence means that the court erroneously ignored or failed to consider this evidence in determining [his] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (quotation marks omitted) (addressing a direct criminal appeal); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997) (concluding that the district court's reference to the defendant's motion and government's response in opposition, which in turn cited specific elements relevant to the necessary § 3553(a) analysis, supported a determination that the court afforded sufficient reasons for denying resentencing).

In considering § 3582(c)(2) motions, district courts "may" consider a defendant's post-conviction conduct. *Williams*, 557 F.3d at 1256–57; U.S.S.G. § 1B1.10 cmt. (1)(B)(iii). The Supreme Court has stated that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491, 493 (2011) (holding that a sister circuit's prohibition of sentencing courts' consideration of post-sentencing rehabilitation at resentencing was improper). Further, the Court explained that "[p]ostsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the

sentencing purposes set forth in § 3553(a)(2)." *Id.* at 491.  However, even following its decision in *Pepper*, the Supreme Court has left the question of what consideration, if any, to give to a defendant's post-sentencing rehabilitation to the district court's discretion. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017).

A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc); *see also United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023).  We have recognized that district courts enjoy broad discretion in weighing the § 3553(a) factors.  *United States v. Pugh*, 515 F.3d 1179, 1203 (11th Cir. 2008).

Here, we conclude that the district court did not abuse its discretion in denying Solis's motion for a sentence reduction.  First, the record indicates that the court appropriately considered the necessary statutory sentencing factors.  For example, the court acknowledged the policy statement under § 1B1.10 but chose to exercise its discretion to deny a sentence reduction.  *See* § 1B1.10, p.s. (stating that in the "sound discretion of the court, a reduction in the term of imprisonment may be appropriate," but the "authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence . . . and does not entitle a defendant to a reduced term of imprisonment as a matter of right").  The district court also cited to Solis's motion, which

addressed all of the relevant § 3553(a) factors.  *See Eggersdorf*, 126 F.3d at 1322–23 (holding that the district court "provided sufficient reasons for its decision to deny resentencing" where, "although the district court's order denying resentencing [was] short," the court stated that it had reviewed the motion and the government's response in opposition, which themselves "set out the pertinent section 3553(a) factors").

Additionally, the district court found that Solis was the "master of a Columbian drug boat carrying roughly $27,000,000 (wholesale price) in cocaine."  The district court reasoned that the nature of this offense was "large and serious," and that Solis's "sentence should reflect the seriousness of the offense."  A district court is permitted to consider and weigh certain factors over others, including the seriousness of the crime, in determining that the § 3553(a) factors weigh against a sentence reduction.  *See United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("[T]he weight given to each factor is committed to the sound discretion of the district court. We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances. In fact, a district court may attach great weight to one § 3553(a) factor over others." (internal citations omitted)).  Here, Solis's sentence was reasonable under the circumstances, since (as he concedes) he received a downward variance and a sentence below the advisory guideline range.

Second, Solis raises the issue of post-sentencing developments, including his rehabilitation, for the first time in his reply

brief, so we decline to consider it. Issues not raised in a party's initial appellate brief are considered abandoned through forfeiture and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 865, 873 (11th Cir. 2022) (en banc). "As for reply briefs, this Court follows this same rule and repeatedly has refused to consider issues raised for the first time in an appellant's reply brief." *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004). In any event, "what consideration, if any, to give to [a defendant's] post-sentencing rehabilitation, if any, [is] up to the district court." *Doyle*, 857 F.3d at 1121.

In sum, Solis has not demonstrated that the district court failed to afford consideration to relevant factors that were due significant weight, gave an improper or irrelevant factor significant weight, or committed a clear error of judgment by balancing the factors unreasonably. *See Irey*, 612 F.3d at 1189. Accordingly, for the reasons stated, we affirm the district court's denial of Solis's motion for a sentence reduction.

**AFFIRMED.**